IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. FREITAS, | No. CIV S-07-1693-CMK |
| Plaintiff, | |
| vs. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the court is plaintiff's counsel's opposed motion for fees (Doc. 25) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Counsel seeks an award of $8,723.30, which includes fees arguing this motion. The government opposes the motion, arguing that its position was substantially justified and, in the alternative, that counsel's request is excessive and any award should therefore be reduced. The parties are aware of the factual and procedural background of this case, which will not be repeated here.

/ / /

"Under EAJA, a prevailing party in a suit against the government is entitled to fees in certain circumstances unless the government's position was 'substantially justified.'" Le v. Astrue, 529 F.3d 1200, 1201 (9th Cir. 2008) (citing United States v. Marolf, 277 F.3d 1156, 1160 (9th Cir. 2002)). The government's position is considered "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." Id. In Le, the government argued that Dr. Miller had only seen the plaintiff five times over a three-year period and that such a minimal history did not qualify Dr. Miller as a treating source given the seriousness of the plaintiff's condition. See id. The plaintiff argued that the government's argument was unreasonable and, therefore, not substantially justified. See id. The Ninth Circuit rejected plaintiff's argument as follows:

> Though incorrect, the Commissioner's position was substantially justified within the meaning of the fee statute. A nonfrivolous argument could be made that Le's five visits over three years were not enough under the regulatory standard especially given the severity and complexity of Le's alleged mental problems. . . . Given the vagueness and fact-specific nature of the regulatory standard, the Commissioner's position was reasonable even though incorrect. . . .

Id. at 1201-02.

In the November 21, 2008, memorandum opinion and order, the court concluded that the ALJ's residual functional capacity did not include four limitations. On reconsideration, the government successfully argued that, under Howard v. Astrue, 2008 WL 4384246, at *2 (C.D. Cal. Sept. 4, 2008) – which had been decided after briefing was complete in this case – two of the four limitations were encompassed in finding that plaintiff could perform simple, routine, repetitive tasks. The court did not agree with the government's argument as to the remaining two limitations.

In the context of the instant EAJA fees motion, the government argues, in light of the court's order partially granting reconsideration, its underlying position in the litigation was reasonable and, therefore, substantially justified. The court agrees. As in Le, the legal standard in this case is complicated and was only clarified by the circuit court in Howard after briefing had

been completed.  Given this complexity, the court cannot say that, even though it ultimately did not agree with the government regarding the necessity for a remand, its position was unreasonable.  In other words, the government's argument that at least some of the specific limitations identified by the court in the November 21, 2008, opinion were captured by more general findings could have satisfied a reasonable person.  In fact, as the Howard case demonstrates, the government's argument did in fact satisfy the Ninth Circuit.

Because the court concludes that the government's position was substantially justified, EAJA fees are not available and the court need not address the issue of whether the requested fees are excessive.

Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel's motion for EAJA fees (Doc. 25) is denied.

DATED: April 23, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE